UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LEDA MOX and ARMSTRONG EQUINE MASSAGE THERAPY, LLC,

Plaintiffs,

v.

DENNIS OLSON, JR., in his official capacity as Commissioner of the Minnesota Office of Higher Education,

Defendant.

Civil File No. 23-cv-03543 ECT/ECW

**DEFENDANT'S ANSWER**

Defendant Dennis Olson, Jr., in his official capacity as Commissioner of the Minnesota Office of Higher Education, (hereafter referred to as "Defendant") for the Answer to Plaintiffs' Complaint, admits, denies, alleges and states as follows:

1. Denies each and every allegation in the Complaint except as may be hereinafter specifically admitted, qualified, or otherwise answered below.

2. The allegations in the INTRODUCTION assert legal conclusions to which no answers are required, provided if a response is required, denies the same.

3. Admits paragraphs 1, 2 and 3.

4. Admits in paragraph 4 that Plaintiff Leda Mox ("Plaintiff Mox") is an individual who resides in Minnesota. Is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 4, and therefore denies the same.

5. Admits in paragraph 5 that Plaintiff Armstrong Equine Massage, LLC., ("Plaintiff School") is a Minnesota Limited Liability Company located in Becker,

Minnesota and that Plaintiffs' current website states Plaintiff School provides massage services clinics, training and certifications on equine massaging. Is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 5, and therefore, denies the same.

6. As to the first sentence in paragraph 6, based upon Plaintiffs' current website and this Complaint, it appears that Plaintiffs are subject to regulation under the Private Career School Act., Minn. Stat. § 136A.82 to 136A.834. Denies the second sentence in paragraph 6 and affirmatively alleges that Plaintiff Mox can teach others how to perform equine massage without licensure from the Office of Higher Education ("OHE"). When Mox holds herself out as a business that will provide certification to others to open their own businesses or as a career in performing equine massage, Plaintiffs are subject to regulation under Minnesota's Private Career School Act unless exempt.

7. Admits the Allegations in paragraphs 7 and 8.

8. Denies the allegations in paragraph 9 that Plaintiffs are prohibited from "teaching equine massage" without a license.

9. Denies the allegations in paragraph 10.

10. Is without knowledge and information sufficient to form a belief to admit or deny the bolded, unnumbered heading after paragraph 10, and the allegations in paragraphs 11, 12, 13, 14, 15, and 16, and on that basis, denies the same.

11. Admits the allegations in paragraphs 17 and 18.

12. Is without knowledge or information sufficient to admit or deny the allegations in paragraph 19, and therefore denies the same.

13. Is without knowledge or information sufficient to admit or deny the allegations in the bolded, unnumbered heading after paragraph 19, and in paragraphs 20, 21, and 22, and therefore denies the same.

14. Admits in paragraph 23 that Plaintiff Armstrong School was registered with the Office of Minnesota Secretary of State in June 2013, and is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 23.

15. Is without knowledge or information sufficient to admit or deny the allegations in paragraphs 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, and 38; and therefore, denies the same.

16. In regard to the allegations in paragraph 39, Plaintiffs' website speaks for itself, and directs the Court to that website.

17. Denies the allegations in the bolded, unnumbered heading after paragraph 39 and in paragraph 40, and states that the March 1, 2023 letter from OHE speaks for itself.

18. In regard to paragraph 41, admit that Plaintiff Mox exchanged communications with OHE inquiring how to apply for a license in compliance with the Private Career School Act, and is without knowledge or information sufficient to admit or deny that she tried "in earnest," as she has neither applied nor completed that process.

19. Denies the allegations in paragraphs 42, 43 and 44.

20. Denies the allegations in the bolded, unnumbered heading after paragraph 44.

21. Denies the allegations in paragraph 45 (incorrect citation), and affirmatively alleges that OHE communicated with Plaintiffs in Spring 2023 that they need to license the

master certification program, or the programs being advertised for career or business purposes.

22. In regard to paragraph 46, refers the court to the official text of the referenced Minnesota statute.

23. The allegations in paragraphs 47, 48, 49, and 50 assert legal conclusions to which no responsive pleading is required.

24. In regard to the allegations in paragraph 51, refers the court to the official text of the referenced Minnesota statute.

25. Paragraph 52 asserts a legal conclusion to which no responsive pleading is required.

26. In regard to paragraph 53, denies that the application to be licensed as a private career school is burdensome, and that the application form speaks for itself.

27. In regard to the allegations in paragraph 54, the Private Career School Application form speaks for itself. Affirmatively alleges that in Plaintiff Mox's communications with OHE staff, OHE staff were helpful and provided assistance in completing the form, including identifying which pages need not be completed or were not applicable to Plaintiff Mox.

28. In regard to the allegations in paragraphs 55, 56, 57, and 58, refers the court to the official text of the cited Minnesota statutes.

29. Denies the allegations in paragraph 59.

30. The allegations in paragraph 60 asserts a legal conclusion to which no responsive pleading is required.

31. In regard to the allegations in paragraph 61, OHE staff worked with Plaintiffs and identified which sections of the Application form needed to be completed in the March 3, 2023 correspondence, and state that the Application form speaks for itself.

32. Denies the allegations in paragraph 62.

33. In regard to paragraphs 63 and 64, refers the court to the official text of the referenced Minnesota statutes, and denies that the requirements are "burdensome" because they are inapplicable to Plaintiffs.

34. In regard to the allegations in paragraphs 65, 66, 67, and 68, refers the court to the official texts of the referenced Minnesota statutes.

35. In the first sentence of paragraph 69, refers the court to the official text of the referenced Minnesota statute. Denies the allegations in the second sentence of paragraph 69.

36. In regard to paragraph 70, refers the court to the official text of the referenced Minnesota statute.

37. In the first sentence of paragraph 71, refers the court to the official text of the referenced Minnesota statute. Denies the second and third sentences in paragraph 71

38. Denies the allegations in paragraphs 72 and 73.

39. Is without knowledge or information sufficient to admit or deny the allegations in paragraph 74, and therefore denies the same.

40. Denies the allegations in paragraph 75, and refers the court to the text of the communications themselves.

41. Denies the allegations in the unnumbered, bolded heading after paragraph 75 and the allegations in paragraphs 76, 77, 78, 79, and 80.

42. Denies the allegations in the first sentence in paragraph 81. Is without information or belief as to the second sentence in paragraph 81, and therefore denies the same.

43. Denies the allegations in paragraphs 82 and 83, as the condition precedence ("If plaintiffs were to comply with the Act in order to continue speaking to equine massage about others") is an incorrect characterization of OHE's inquiry of Defendant Mox to be in compliance with the Minnesota Private Career School Act.

44. Denies the first sentence in paragraph 84. With respect to the second sentence of paragraph 84, objects that the allegation is too vague to permit an answer as the Complaint contains no definition of teaching "equine massage."

45. Denies the allegations in paragraphs 85 and 86.

46. In regard to the allegations in paragraph 87, refers the court to the official text of the referenced Minnesota statute.

47. Denies the allegations in paragraphs 88 and 89.

48. Is without knowledge or information sufficient to admit or deny the allegations in paragraphs 90, 91, 92, 93, and 94, and therefore denies the same.

49. Denies the allegations in paragraph 95

50. Is without knowledge or information sufficient to admit or deny the allegations in paragraph 96, and therefore denies the same.

51. Denies the allegations in paragraph 97.

52. Is without knowledge or information sufficient to admit or deny the allegations in paragraphs 98, 99, 100, 101, and 102, and therefore denies the same.

53. Admits the allegations in paragraphs 103 and 104.

54. Denies the bolded, unnumbered heading after paragraph 104 and the allegations in paragraph 105.

55. Is without knowledge or information sufficient to admit or deny the allegations in paragraphs 106 and 107, and therefore denies the same.

56. Denies the allegations in paragraphs 108, 109 and 110.

57. In regard to paragraph 111, Defendant restates, realleges and incorporates by reference the responses to paragraphs 1 through 110 of the Complaint.

58. Paragraphs 112, 113, 114, 115, and 116 are legal conclusions to which no response is required, provided if a response is required, denies the same.

59. Is without knowledge or information sufficient to admit or deny the allegations in paragraph 117, and therefore denies the same.

60. Denies the allegations in paragraph 118.

61. In the first sentence in paragraph 119, refers the court to the official text of the cited statute and denies the second sentence in paragraph 119.

62. Paragraphs 120, 121, 122, 123, and 124 are legal conclusions to which not response is required; to the extent a response is required, Defendant denies the same.

## AFFIRMATIVE DEFENSES

1. Defendant is entitled to judgment as a matter of law, or that one or more of the claims alleged in the Complaint fail to state a claim upon which relief may be granted.

2. The matter is not ripe;

3. Discovery or investigation may reveal that Plaintiffs lack standing to bring one or more of the claims alleged in the Complaint.

4. Plaintiffs' claims are barred, in whole or in part, by failure to exhaust administrative remedies.

5. Defendant's conduct was authorized by law, was reasonable and taken in good faith and in the absence of malice, ill will, or discriminatory intent.

6. Defendant is not the proper party, or is entitled to discretionary, absolute, official, vicarious official, common law, statutory, qualified, and quasi-judicial immunities, as well as the immunities available under Minn. Stat. § 3.736.

7. Discovery or investigation may reveal Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations and/or the doctrines of waiver, estoppel and latches.

8. Defendant is without knowledge or information sufficient to form a belief as to the character of any damages or injuries and, therefore, denies the same and demands proof thereof.

9. Any actions or inactions of or attributable to Defendant were not the direct or indirect proximate cause of any loss, damage, or injury to the Plaintiffs.

10. Defendant reserves the right to amend and add to these defenses as Defendant learns of new defenses through the discovery process.

WHEREFORE, with respect to its Answer to Plaintiffs' Complaint, Defendant respectfully request that this Court:

1. That Plaintiffs take nothing, and their causes of action be dismissed with prejudice and on the merits;

2. That Plaintiffs are enjoined from operating a private career school without being licensed as required by the Minnesota Private Career School Act, Minn. Stat. §§ 136A.82 to 136A.834.

3. Award Defendant reasonable costs and disbursements; and

4. Grant such other and further relief as this Court may deem just and equitable.

Dated: August 7, 2024

Respectfully submitted,

KEITH ELLISON
Attorney General
State of Minnesota

***/s/ Martha J. Casserly***
ALEC SLOAN #0399410
MARTHA J. CASSERLY #0148271
Assistant Attorneys General

445 Minnesota Street, #1400
St. Paul, Minnesota 55101-2134
(651) 757-1214 (Voice)
(651) 297-1235 (Fax)
marty.casserly@ag.state.mn.us

ATTORNEYS FOR DEFENDANT

**MINN. STAT. § 549.211 ACKNOWLEDGEMENT**

The undersigned hereby acknowledges that sanctions may be imposed pursuant to Minn. Stat. § 549.211, subd. 3.

*/s/ Martha J. Casserly*
Martha J. Casserly

|#5845735-v1